UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

LARRY JACKSON

                                Plaintiff,

                    -against-

THE CITY OF NEW YORK; JESUS TELLADO, as
Duty Captain; STANLEY MACNEAR, as Sergeant,
113th Precinct; JOHN D. CZULADA; as Police Officer,
113th Precinct; JAMES T. GHERARDI, as Police Officer,
113th Precinct; RYANN DUNN, as Police Officer, 113th
Precinct; PATRICK H. D'ONOFRIO, as Police Officer,
113th Precinct; ROBERT J. DEFERRARI, as Police
Officer, 113th Precinct; KENNETH J. BRAUMANN, as
Police Officer, 113th Precinct; BEN KURIAN, as Police
Officer, 113th Precinct; PETER BONETA, as Police
Officer, 113th Precinct; THOMAS E. REO, as Police
Officer, 113th Precinct; MICHAEL FAILLA, as Detective
First Grade, 113th Precinct; ROBERT E. RUSSO, as
Detective Second Grade, 113th Precinct; and BRIAN E.
HEEREY, as Detective Third Grade, 113th Precinct,
JOHN DOES 16-70, each being sued individually and in
their official capacities as employees of defendant THE
CITY OF NEW YORK

                                Defendants'
--------------------------------------------------------------------x

Amended Complaint

Jury Trial Demand

11 cv 3028 (WFK)(SMG)

Judge William F. Kuntz, II

The plaintiff LARRY JACKSON by his attorney The Sanders Firm, P.C., as and for his

Amended Complaint against defendants' THE CITY OF NEW YORK; JESUS TELLADO;

STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN;

PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN

KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO;

BRIAN E. HEEREY and JOHN DOES 16-70, respectfully set forth and allege that:

## INTRODUCTION

This is an action for equitable relief and money damages on behalf of the plaintiff LARRY
JACKSON, (hereinafter referred to as "plaintiff") who was and is being deprived of his statutory
rights as an employee as a result of defendants' THE CITY OF NEW YORK; JESUS TELLADO;
STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN;
PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN
KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO;
BRIAN E. HEEREY and JOHN DOES 16-70'S discriminatory conduct.

## JURISDICTION AND VENUE

1.    The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§
1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

      a.    the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection
           of all person's right to make and enforce contracts under the color of State
           Law; and

      b.    the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection
           of all persons in his civil rights and the redress of deprivation of rights under
           color of law.

2.    The unlawful employment practices, violations of plaintiff's civil rights complained
of herein were committed within the Eastern and Southern Districts of New York.

3.    The pendent jurisdiction of the federal district court is invoked with respect to the
plaintiff's claims under New York State Executive Law § 296; New York City Administrative Code
§ 8-107; Negligence; Assault; Battery; False Arrest; False Imprisonment; and the Intentional
Infliction of Emotional Distress, pursuant to 28 U.S.C. 1367, because the entire action before the
court comprises one constitutional and civil rights case, and the claims arise out of the same

2

common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PROCEDURAL REQUIREMENTS

4.      Plaintiff has filed suit with this Court within the applicable statute of limitations period.

5.      Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1866 or the Civil Rights Act of 1871.

6.      On or about August 30, 2010, plaintiff filed a Notice of Claim within ninety days of the alleged incident with the New York City Comptroller's Office.

7.      On or about January 11, 2011, Plaintiff appeared for a GML 50-h Hearing for an Examination Before Trial (EBT).

8.      Plaintiff alleges that during the adjustment period, the case was not settled.

## PLAINTIFF

9.      Plaintiff LARRY JACKSON is a male citizen over twenty-one (21) years of age and a resident of Nassau County.

10.     Plaintiff's is an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD").

## DEFENDANTS'

11.     Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the world.

3

12.     Defendants' JESUS TELLADO, as Duty Captain; STANLEY MACNEAR, as Sergeant, 113th Precinct; JOHN D. CZULADA, as Police Officer, 113th Precinct; JAMES T. GHERARDI, as Police Officer, 113th Precinct; RYANN DUNN, as Police Officer, 113th Precinct; PATRICK H. D'ONOFRIO, as Police Officer, 113th Precinct; ROBERT J. DEFERRARI, as Police Officer, 113th Precinct; KENNETH J. BRAUMANN, as Police Officer, 113th Precinct; BEN KURIAN, as Police Officer, 113th Precinct; PETER BONETA, as Police Officer, 113th Precinct; THOMAS E. REO, as Police Officer, 113th Precinct; MICHAEL FAILLA, as Detective First Grade, 113th Precinct; ROBERT E. RUSSO, as Detective Second Grade, 113th Precinct; and BRIAN E. HEEREY, as Detective Third Grade, 113th Precinct, JOHN DOES 16-70, each being sued individually and in their official capacities as employees of defendant THE CITY OF NEW YORK

## BACKGROUND

13.     Plaintiff is an African-American male employee of the NYPD.

14.     Plaintiff alleges that defendant CITY through its agents have a long history of discriminating against its African-American male police officers.

15.     Plaintiff alleges that defendant CITY through its agents have a long history of performing flawed and unfair criminal investigations whenever African-American Male police officers complain about false charges being filed against them by Caucasian Male police officers.

16.     Plaintiff alleges that defendant CITY through its agents have a long history of performing flawed and unfair criminal investigations whenever African-American Male police officers complain about excessive force being used against them by Caucasian Male police officers.

17.     Plaintiff alleges that defendant CITY through its agents have a long history of

4

performing flawed and unfair internal investigations whenever African-American Male police officers complain about discriminatory conduct against them by Caucasian Male police officers.

18. Plaintiff alleges that defendant CITY through its agents engage in such biased behavior because of the decision makers preconceived notions that African-American Male police officers are aggressive, violent and forever threatening to Caucasian Male police officers.

19. Plaintiff alleges that since 1973, the Department has specifically addressed "Confrontation Situations" in its training modules and policies.

20. Plaintiff alleges that on or about June 8, 2008, Assistant Chief George Anderson eliminated training time for "Confrontation Situations."

21. Plaintiff alleges that on or about May 28, 2009, not even one year later, now deceased off-duty Detective Omar Edwards (African-American Male) was shot and killed by an on-duty Caucasian Male police officer under the mistaken belief that he was a criminal.

22. Plaintiff alleges that immediately after that incident, Police Commissioner Raymond W. Kelly promised to enhance "Confrontation Situations" training.

23. Plaintiff alleges that since then, not much has changed with respect to "Confrontation Situations" training.

24. Plaintiff alleges that the Police Commissioner Raymond W. Kelly has consistently rejected calls to reform the training module despite recommendations by respected law enforcement experts.

25. Plaintiff alleges that "Confrontation Situations" is one of the most important training modules in the police department.

26.     Plaintiff alleges that since the inception of the Department Caucasian Male police officers have mistakenly injured and/or mistakenly killed minority police officers while off-duty and/or in plainclothes while taking police action.

27.     Plaintiff alleges that "Confrontation Situations" is one of the most often changed police policies because of the nature of the inherent racial bias problem.

28.     Plaintiff alleges that "Confrontation Situations" are evaluated in the context of racial bias.

29.     Plaintiff alleges that in "Confrontation Situations" the policy directs that a report to be sent to the Office of Equal Employment Opportunity to be evaluated in the context of racial bias.

30.     Plaintiff alleges that because the majority of times, minority police officers are the ones who complain about being mistreated by Caucasian Male police officers.

31.     Plaintiff alleges that majority of time if there are injuries and/or deaths during such "Confrontation Situations" minority police officers (meaning African-American and/or Hispanic Males) statistically outweigh any other racial category despite their smaller numbers.

32.     Plaintiff alleges that "Confrontation Situations" usually involves the challenging officer, usually a Caucasian Male police officer on-duty either in uniform or in plainclothes.

33.     Plaintiff alleges that the challenging officer is required to use sound tactics and judgment when approaching the situation.

34.     Plaintiff alleges that the challenged officer, usually a minority police officer off-duty or on-duty in in plainclothes.

35.     Plaintiff alleges that the challenged officer must obey all commands of the challenging officer and clearly identify his or herself.

6

36.     Plaintiff alleges that the Department is aware of this serious problem.

37.     Plaintiff alleges that on or about December 3, 2009, Deputy Commissioner of

Training Wilbur Chapman testified before the Governor's Task Force on Police Shootings.

38.     Plaintiff alleges that Deputy Commissioner Wilbur Chapman acknowledged that

since the 1930s ten police officers have lost their lives in incidents involving mistaken identity.

39.     Plaintiff alleges that the Department hired an outside expert to study how training

may reduce the influence of racial bias on behavior.

40.     Plaintiff alleges that the Department hired Dr. Joshua Corell, Associate Professor

from the University of Chicago to evaluate racial bias in "Confrontation Situations."

41.     Plaintiff alleges that the Department consulted with representatives of the various

police fraternal organizations in an effort to reduce "Confrontation Situations."

42.     Plaintiff alleges that there are NO consequences for violating this policy.

43.     Plaintiff alleges that is why this problem persists.

44.     Plaintiff alleges that less than one year later, he received substantial injuries as the

challenged officer in a "Confrontation Situation" despite identifying himself numerous times to

the challenging officers.

45.     Plaintiff alleges that racial bias and stereotyping was the driving force that

dictated the outcome of this "Confrontation Situation."

46.     Plaintiff alleges that on or about August 22, 2010, he was off-duty.

47.     Plaintiff alleges that approximately 0140 hours, while in the process of winding

down an earlier barbeque at his home an unidentified Black Male[1] threw a bottle breaking it in

the street.

---

[1] During Plaintiff's own independent investigation, we were able to identify a
witness that indicated a possible address for the male.

48.     Plaintiff alleges that his domestic partner Charlene Strong (African-American Female) went outside to clean up the broken glass.

49.     Plaintiff alleges that he noticed Charlene Strong trying to physically stop this unidentified Black Male.

50.     Plaintiff alleges that he went outside to investigate.

51.     Plaintiff alleges that he overheard the unidentified Black Male say with a West Indies accent "Yo. They are trying to disrespect me."

52.     Plaintiff alleges that he overheard Charlene Strong say "This is my daughter's birthday and we do not want any trouble, take that somewhere else."

53.     Plaintiff alleges that as he got closer, he observed the unidentified Black Male brandishing a silver handgun in his waistband.

54.     Plaintiff alleges that he grabbed Charlene Strong and pulled her behind him to shield her from the Black Male.

55.     Plaintiff alleges that he then confronted the Black Male consistent with his training as a police officer.

56.     Plaintiff alleges that at the time, he was unarmed off-duty but, carrying his shield and police identification card.

57.     Plaintiff alleges that since he was unarmed, he did not identify himself to the Black Male, he tried to de-escalate the situation.

58.     Plaintiff alleges that he said to the Black Male "Listen, this is my daughter's party and we do not want any trouble."

59.     Plaintiff alleges that he then noticed approximately fifteen to twenty Black males walking towards them, some with sticks and bats.

8

60.   Plaintiff alleges that he did not know any of those males.

61.   Plaintiff alleges that Charlene Strong ran into the house to call the police.

62.   Plaintiff alleges that when Charlene Strong called 911 she requested assistance for him and gave the operator his full description including clearly stating that he is a police officer.

63.   Plaintiff alleges that he was able to calm the guy down and get the crowd to move down the block.

64.   Plaintiff alleges that while the crowd was moving, he could see and hear a fast moving vehicle.

65.   Plaintiff alleges that he yelled "Get out of the street!"

66.   Plaintiff alleges that the crowd quickly dispersed.

67.   Plaintiff alleges that he noticed that the vehicle was actually a marked police vehicle.

68.   Plaintiff alleges that the marked police vehicle sped right past him.

69.   Plaintiff alleges that the marked police vehicle stopped in front of his home.

70.   Plaintiff alleges that he walked towards his home to meet the police.

71.   Plaintiff alleges that Charlene Strong walked towards the marked police vehicle.

72.   Plaintiff alleges that the marked police vehicle was occupied by one uniformed police officer defendant JOHN D. CZULADA (Caucasian Male) and one police sergeant defendant STANLEY MACNEAR (Caucasian Male).

73.   Plaintiff alleges that Charlene Strong told defendant JOHN D. CZULADA, who was the operator, "I am the one who called 911."

74.   Plaintiff alleges that defendant JOHN D. CZULADA did not acknowledge her.

75.   Plaintiff alleges that she further said "My husband is a police officer."

76. Plaintiff alleges that she further said "He is a MOS (meaning Member of the Service)."

77. Plaintiff alleges that she then pointed towards him.

78. Plaintiff alleges that at this point, he was standing immediately next to defendant STANLEY MACNEAR.

79. Plaintiff alleges that he said "Hey Sarge, I am a MOS."

80. Plaintiff alleges that defendant STANLEY MACNEAR did not acknowledge him.

81. Plaintiff alleges that at the time, he was still in possession of his shield and police identification card.

82. Plaintiff alleges that all of a sudden, they could hear a loud argument coming from inside of the home.

83. Plaintiff alleges that defendant JOHN D. CZULADA, all of a sudden ran alone into the home.

84. Plaintiff alleges that defendant STANLEY MACNEAR remained outside.

85. Plaintiff alleges that defendant STANLEY MACNEAR never tried to restrain defendant JOHN D. CZULADA from running into the house.

86. Plaintiff alleges that he then ran into the house to see what was going on.

87. Plaintiff alleges that when he entered the house, he noticed Jason Wilkinson (African-American Male) lying unconscious on his living room floor.

88. Plaintiff alleges that Taimar Bonaparte (African-American Male) was lying under Jason Wilkinson trying to get up.

89. Plaintiff alleges that he approached Marcus Johnson (African-American Male) in the kitchen to find out what was going on.

10

90.     Plaintiff alleges that when he turned around defendant JOHN D. CZULADA confronted him with his ASP Tactical Baton (Aluminum) fully expanded in both hands level in the horizontal position.

91.     Plaintiff alleges that defendant JOHN D. CZULADA ordered him to "Back the fuck up!"

92.     Plaintiff alleges that he said "Dude, it is my house and I am a police officer too."

93.     Plaintiff alleges that defendant JOHN D. CZULADA did not de-escalate the situation he made things worse.

94.     Plaintiff alleges as the challenging officer, defendant JOHN D. CZULADA never requested to see his police identification.

95.     Plaintiff alleges that as the challenged officer before he could show his police identification defendant JOHN D. CZULADA aggressively moved towards him and placed the ASP Tactical Baton on his throat causing him to move backwards towards the living room.

96.     Plaintiff alleges that he said "Dude. What are you doing?"

97.     Plaintiff alleges that he further said "I am a police officer too."

98.     Plaintiff alleges that again, as the challenging officer, defendant JOHN D. CZULADA never requested to see his police identification.

99.     Plaintiff alleges that as the challenged officer before he could show his police identification defendant JOHN D. CZULADA aggressively placed the ASP Tactical Baton near his throat but, he was actually struck him in his face.

100.    Plaintiff alleges that he is unsure if he was struck in the face with the ASP Tactical Baton or defendant JOHN D. CZULADA'S fist or a combination of both.

101.    Plaintiff alleges to protect himself against further strikes he grabbed defendant

11

JOHN D. CZULADA around his shoulders.

102.    Plaintiff alleges that defendant STANLEY MACNEAR did not intervene or control the situation.

103.    Plaintiff alleges that while again trying to identify himself to defendant JOHN D. CZULADA, he threw a punch at him.

104.    Plaintiff alleges that while defendant JOHN D. CZULADA was throwing a punch towards him, he tripped and fell over the refreshment cooler.

105.    Plaintiff alleges that while trying to help defendant JOHN D. CZULADA up, defendant BEN KURIAN (Dark Skinned Male) placed him in a choke hold.

106.    Plaintiff alleges that the use of choke holds as a physical restraint is banned by Department policy because you can accidentally suffocate someone.

107.    Plaintiff alleges that he was trying to tell challenging officer defendant BEN KURIAN that he is a police officer but, the choke hold was so tight, he could hardly speak or breathe.

108.    Plaintiff alleges that meanwhile, he could hear the other family members in the house yelling, "He is one of y'all, what are you doing?"

109.    Plaintiff alleges that the more he tried to explain, the harder defendant BEN KURIAN would choke him.

110.    Plaintiff alleges that as the challenged officer he again tried to reach into his front pocket to show his shield and police identification card to defendant BEN KURIAN, but someone kept moving his hand away.

111.    Plaintiff alleges that defendant STANLEY MACNEAR did not intervene or control the situation.

112.   Plaintiff alleges that he and defendant BEN KURIAN then fell onto Charlene

Strong's eighty-two year old mother seated on the living room couch.

113.   Plaintiff alleges that he heard someone say "Oh my God, mommy!"

114.   Plaintiff alleges that defendant BEN KURIAN then let him go.

115.   Plaintiff alleges that defendants' STANLEY MACNEAR; JOHN D. CZULADA

and BEN KURIAN never tried to de-escalate the situation or identify him.

116.   Plaintiff alleges that at that time, the living room area was filled with defendants'

JESUS TELLADO; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; and KENNETH J. BRAUMANN as well as other unidentified

uniformed police officers.

117.   Plaintiff alleges that none of the aforementioned defendants' or unidentified

uniformed police officers tried to intervene or de-escalate the situation.

118.   Plaintiff alleges that no police supervisor tried to intervene, de-escalate the

situation or identify him.

119.   Plaintiff alleges that unidentified uniformed police officers then placed Taimar

Bonaparte in handcuffs.

120.   Plaintiff alleges that he then observed Taimar Bonaparte being dragged out of the

house by the unidentified uniformed police officers.

121.   Plaintiff alleges that he then ran to the front door to see what was going on.

122.   Plaintiff alleges that the unidentified uniformed police officers then threw Taimar

Bonaparte onto the trunk area of a marked police vehicle.

123.   Plaintiff alleges that these unidentified uniformed police officers were slamming

Taimar Bonaparte onto the marked police vehicle.

124.     Plaintiff alleges that there were both marked and unmarked police vehicles parked up the entire block.

125.     Plaintiff alleges that there were police officers everywhere.

126.     Plaintiff alleges that no police officer tried to intervene or de-escalate the situation.

127.     Plaintiff alleges that he could see at least one police supervisor wearing a white shirt, defendant JESUS TELLADO.

128.     Plaintiff alleges that defendant JESUS TELLADO did not intervene or de-escalate the situation.

129.     Plaintiff alleges that there were a crowd of onlookers there as well.

130.     Plaintiff alleges that defendant PETER BONETA (Caucasian Male) ran towards him and said "Stay there and don't move."

131.     Plaintiff alleges that he then told defendant PETER BONETA "I am a police officer and this is my house."

132.     Plaintiff alleges that defendant THOMAS E. REO (Caucasian Male) then struck him in the head with an ASP Tactical Baton.

133.     Plaintiff alleges that he was stunned and stumbled down the steps near the front lawn.

134.     Plaintiff alleges that he then felt a big lump on his head.

135.     Plaintiff alleges that then a group of unidentified uniformed police officers then started striking him about the back with their ASP Tactical Batons.

136.     Plaintiff alleges defendants' THOMAS E. REO; MICHAEL FAILLA (Caucasian Male); ROBERT E. RUSSO (Caucasian Male) and BRIAN E. HEEREY (Caucasian Male) as

14

well as other unidentified uniformed police officers then jumped onto his back.

137.   Plaintiff alleges that he felt someone grab his right arm and place a handcuff on his hand.

138.   Plaintiff alleges that at this point he was near the street.

139.   Plaintiff alleges that shortly thereafter, after being further grabbed and struck by defendants' THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO and BRIAN E. HEEREY as well as other unidentified uniformed police officers he somehow wound up in the middle of the street.

140.   Plaintiff alleges that defendants' THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO and BRIAN E. HEEREY as well as other unidentified uniformed police officers then knocked him down to the ground.

141.   Plaintiff alleges that he was lying flat of his stomach because there were so many police officers on top of him while striking him.

142.   Plaintiff alleges that he could see a large light on the ground he presumed that it was a police helicopter.

143.   Plaintiff alleges that he was being kicked about the body.

144.   Plaintiff alleges that he could also feel the handles of the ASP Tactical Baton being stuck into his body.

145.   Plaintiff alleges that two unidentified uniformed police officers placed their knees into his back with all of their weight.

146.   Plaintiff alleges that he was having difficulty breathing.

147.   Plaintiff alleges that while he was being handcuffed another unidentified uniformed police officer sprayed Oleoresin Capsicum (OC) spray into his eyes.

15

148.     Plaintiff alleges defendants' THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO and BRIAN E. HEEREY as well as other unidentified uniformed police officers could not place the second handcuff onto his left hand because there were so many uniformed police officers on top of him.

149.     Plaintiff alleges that two other unidentified uniformed police officers were able to sit him up.

150.     Plaintiff alleges that during the entire melee defendants' JESUS TELLADO and STANLEY MACNEAR, no police supervisor or any other uniformed police officer intervened or de-escalated the situation.

151.     Plaintiff alleges that defendant JOHN D. CZULADA then ran over to him and said "Yeah, you motherfucking dirt bag, if you are really a cop, where is your ID?"

152.     Plaintiff alleges that he responded "My ID has been in my front pocket the whole entire time."

153.     Plaintiff alleges that he further said "I told you that in the house."

154.     Plaintiff alleges that defendant JOHN D. CZULADA walked away when defendant JESUS TELLADO approached him.

155.     Plaintiff alleges that defendant JESUS TELLADO ordered one of the unidentified uniformed police officers to check his front pocket for ID.

156.     Plaintiff alleges that defendant JESUS TELLADO along with other unidentified uniformed police officers formed a semi-circle around him.

157.     Plaintiff alleges that when defendant JESUS TELLADO saw his shield and ID, everyone scattered.

158.     Plaintiff alleges that defendant JESUS TELLADO ordered the handcuffs

16

removed.

159.    Plaintiff alleges that defendant JESUS TELLADO ordered defendant STANLEY
MACNEAR to stand him up and remove the handcuffs.

160.    Plaintiff alleges that defendant STANLEY MACNEAR disobeyed defendant
JESUS TELLADO'S direct order.

161.    Plaintiff alleges that two unidentified uniformed police officers escorted him over
to a marked police vehicle.

162.    Plaintiff alleges that he was then transported to the 113th Precinct.

163.    Plaintiff alleges that the two unidentified uniformed police officers presented him
in front of the Desk Officer as if they were processing him as an arrest but, they were ordered to
take him to the Youth Office.

164.    Plaintiff alleges that the handcuffs were then removed.

165.    Plaintiff alleges that Charlene Strong sat with him.

166.    Plaintiff alleges that he was not free to leave.

167.    Plaintiff alleges that throughout the twenty hour period he was in police custody
he was visited numerous times by unidentified police supervisors from the Internal Affairs
Bureau.

168.    Plaintiff alleges that at some point, they determined that he was fit for duty and
not under the influence of any intoxicants.

169.    Plaintiff alleges that he was bleeding from a deep gash on his right hand and it
was severely swollen.

170.    Plaintiff alleges that he had bruises and contusions about his body with circular
welt marks near the rib area from the handles of the ASP Tactical Baton and straight patterned

17

welt marks across his back as if he were whipped with a Bull Whip.

171.    Plaintiff alleges that the emergency medical service (EMS) was called.

172.    Plaintiff alleges that he was removed to New York Hospital for treatment along with a police escort.

173.    Plaintiff alleges that the medical staff took x-Rays of his hands, back and rib cage.

174.    Plaintiff alleges that the medical staff treated him for a fractured right hand and contusions about his face and body.

175.    Plaintiff alleges that at or about 0800 hours, he was transported back to the 113th Precinct.

176.    Plaintiff alleges that he still was not free to leave.

177.    Plaintiff alleges that Captain Miriam Lorenzo (Caucasian Female), Internal Affairs Bureau Group No.: 26 introduced herself and asked him for his name, shield number, tax registry number and command.

178.    Plaintiff alleges that after giving it to her, he never saw her again.

179.    Plaintiff alleges that an unidentified male lieutenant from the Patrol Borough Queens South Investigations then took numerous pictures of his back, ribs, right hand and head.

180.    Plaintiff alleges that he sat in the Youth Office until around 2230 hours.

181.    Plaintiff alleges that during that time, no one told him what was going on.

182.    Plaintiff alleges that after Captain Miriam Lorenzo, conferred with Chief Charles V. Campisi (Caucasian Male), Internal Affairs Bureau, the decision was made to modify him for the "Good of the Department."

183.    Plaintiff alleges that an unidentified male supervisor told him that he was being "modified."

18

184.     Plaintiff alleges that defendant JESUS TELLADO did nothing to protect his
interests.

185.     Plaintiff alleges that defendant JESUS TELLADO or any other agent of defendant
CITY suspended, modified or otherwise disciplined any police officers for their conduct towards
him.

186.     Plaintiff alleges that his shield, firearms and police identification were removed.

187.     Plaintiff was never told why he was arrested and placed in handcuffs.

188.     Plaintiff alleges that defendant CITY through its agents refused to file a Line of
Duty Report and related paperwork as the injuries he sustained are a direct result of him taking
police action with respect to the man with the silver handgun.

189.     Plaintiff alleges that since defendant CITY through its agents refused to file the
appropriate reports, he had to pay for his medical expenses through his private insurance carrier
as opposed to the Medical Division expensing all medical costs.

190.     Plaintiff alleges that since defendant CITY through its agents refused to file the
appropriate reports, in the future if his hand does not improve and he is forced to file for an
accidental disability retirement pension or he is surveyed, the Medical Division and the Board of
Trustees will likely deny him his right to a more lucrative ¾ tax free pension and award him an
ordinary 1/3 taxable pension.

191.     Plaintiff alleges that on or about August 25, 2010, he submitted DNA samples to
the Internal Affairs Bureau to assist with their alleged attempt to identify who struck him with
their ASP Tactical Batons and/or other police equipment.

192.     Plaintiff alleges that on or about August 30, 2010, he filed a Notice of Claim with
the New York City Comptroller's Office.

193.     Plaintiff alleges that shortly thereafter, he was interviewed by the Integrity Bureau of the Queens District Attorney's Office.

194.     Plaintiff alleges that shortly thereafter, he was transferred to a VIPER Unit to monitor video cameras.

195.     Plaintiff alleges that on or about September 13, 2010, Orthopaedic Surgeon Dr. William A. Facibene further confirmed the fracture to his right hand.

196.     Plaintiff alleges that he is right hand dominant.

197.     Plaintiff alleges that to this day his right hand is still not 100%.

198.     Plaintiff alleges that he still experiences stiffness in his right hand.

199.     Plaintiff alleges that his prospects for returning to full duty are improbable.

200.     Plaintiff alleges that because of his injuries he will likely have to file and application for disability retirement.

201.     Plaintiff alleges that on or about April 11, 2011, he was notified that the Group Health Incorporated (GHI) has hired The Rawlings Company, LLC to protect its subrogation rights.

202.     Plaintiff alleges that to this day, the Internal Affairs Bureau has not contacted him about their alleged internal investigation.

203.     Plaintiff alleges that to this day, the Office of Equal Employment Opportunity has not contacted him about their alleged investigation.

204.     Plaintiff alleges that to this day, the Integrity Bureau of the Queens District Attorney's Office has not contacted him about their alleged investigation.

205.     Plaintiff alleges that based on the foregoing, defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN

20

DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN;

BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E.

RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70'S discriminatory conduct his civil rights

were violated.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

206.    Plaintiff re-alleges Paragraphs 1 through 205 and incorporates them by reference as

Paragraphs 1 through 205 of Count I of this Amended Complaint.

207.    Plaintiff alleges that by the aforesaid discriminatory acts and omissions of

defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES

T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI;

KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO;

MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 acting

individually and in their official capacities as public officials of defendant CITY interfered with

his right to enforce contracts under the color of state law because of his race.

208.    Plaintiff alleges that the purpose of defendants' CITY; JESUS TELLADO;

STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN;

PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN

KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO;

BRIAN E. HEEREY and JOHN DOES 16-70 in so acting was to prevent him, through economic

and psychological intimidation, from seeking the equal protection of the laws.

209.    Plaintiff alleges that pursuant to their conduct, defendants' CITY; JESUS

TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN

DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN;

BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E.

RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 acted to deprive him of his civil rights,

by repeated and insidious acts of harassment, intimidation, bad faith and threats.

210.    Plaintiff alleges that as a result of the aforesaid acts, depriving him of his civil

rights, he suffered mental anguish, emotional distress, and loss of employment opportunities.

## COUNT II
## RACE DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

211.    Plaintiff re-alleges Paragraphs 1 through 210 and incorporates them by reference

as Paragraphs 1 through 210 of Count II of this Amended Complaint.

212.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 under color of law, personally interfered with and deprived him of his

constitutional rights.

213.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 acting individually and in their official capacities as a public officials of defendant

CITY under color of law, and having been fully advised that he was being deprived of his

constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against him, or knowing such discrimination was taking place, knowingly omitted to act to protect him from continuing deprivations of his rights.

214.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of his rights.

215.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at him and continuing from in or around August 22, 2010, until this day.

216.    Plaintiff alleges that as a result of the acts of defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, he suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT III
## ABUSE OF AUTHORITY
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

217.    Plaintiff re-alleges Paragraphs 1 through 216 and incorporates them by reference as Paragraphs 1 through 216 of Count III of this Amended Complaint.

218.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, personally interfered with and deprived him of his constitutional rights.

219.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 acting individually and in their official capacities as a public officials of defendant CITY under color of law, and having been fully advised that he was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further violate his civil rights, or knowing such discrimination was taking place, knowingly omitted to act to protect him from continuing deprivations of his rights.

220.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of his rights.

221. Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 acted in an outrageous and systematic pattern of civil rights violations, oppression, bad faith and cover-up, directed at him and continuing from in or around August 22, 2010, until this day.

222. Plaintiff alleges that as a result of the acts of defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, he suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT IV
## VIOLATION OF THE FOURTH AMENDMENT
## ILLEGAL SEARCH OF THE RESIDENCE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

223. Plaintiff re-alleges Paragraphs 1 through 222 and incorporates them by reference as Paragraphs 1 through 222 of Count IV of this Amended Complaint.

224. Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

25

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, personally interfered with and deprived him of his constitutional rights.

225. Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 acting individually and in their official capacities as a public officials of defendant CITY under color of law, and having been fully advised that he was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further violate his rights, or knowing such violations was taking place, knowingly omitted to act to protect him from continuing deprivations of his rights.

226. Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of his rights.

227. Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at him and continuing from in or around August 22, 2010, until this day.

228.    Plaintiff alleges that as a result of the acts of defendants' JESUS TELLADO;

STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN;

PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN

KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO;

BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, he suffered emotional distress,

monetary damage, and incurred medical and legal expenses, and out of pocket expenses for

telephone, postage, and other costs of pursuing the claims herein.

## COUNT V
## VIOLATION OF THE FOURTH AMENDMENT
## ILLEGAL SEIZURE OF THE PERSON
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

229.    Plaintiff re-alleges Paragraphs 1 through 228 and incorporates them by reference

as Paragraphs 1 through 228 of Count V of this Amended Complaint.

230.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 under color of law, personally interfered with and deprived him of his

constitutional rights.

231.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 acting individually and in their official capacities as a public officials of defendant

CITY under color of law, and having been fully advised that he was being deprived of his

constitutional rights, either acted in a concerted, malicious intentional pattern to further violate

his civil rights, or knowing such violations was taking place, knowingly omitted to act to protect

him from continuing deprivations of his rights.

232.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and

with gross disregard of his rights.

233.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 acted in an outrageous and systematic pattern of civil rights violations, oppression,

bad faith and cover-up, directed at him and continuing from in or around August 22, 2010, until

this day.

234.    Plaintiff alleges that as a result of the acts of defendants' JESUS TELLADO;

STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN;

PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN

KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO;

BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, he suffered emotional distress,

monetary damage, and incurred medical and legal expenses, and out of pocket expenses for

telephone, postage, and other costs of pursuing the claims herein.

## COUNT VI
## VIOLATION OF THE FOURTH AMENDMENT
## ILLEGAL SEARCH OF THE PERSON
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

235.    Plaintiff re-alleges Paragraphs 1 through 234 and incorporates them by reference

as Paragraphs 1 through 234 of Count VI of this Amended Complaint.

236.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 under color of law, personally interfered with and deprived him of his

constitutional rights.

237.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 acting individually and in their official capacities as a public officials of defendant

CITY under color of law, and having been fully advised that he was being deprived of his civil

rights, either acted in a concerted, malicious intentional pattern to further violate his rights, or

knowing such violations was taking place, knowingly omitted to act to protect him from

continuing deprivations of his rights.

238.   Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 in acting to deprive him of his civil rights, acted intentionally, knowingly, willfully, and with gross disregard of his civil rights.

239.   Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 acted in an outrageous and systematic pattern of civil rights violations, oppression, bad faith and cover-up, directed at him and continuing from August 22, 2010, until this day.

240.   Plaintiff alleges that as a result of the acts of defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, he suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VII
## VIOLATION OF THE FOURTH AMENDMENT
## FALSE ARREST
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

241.   Plaintiff re-alleges Paragraphs 1 through 240 and incorporates them by reference

as Paragraphs 1 through 240 of Count VII of this Amended Complaint.

242. Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, personally interfered with and deprived him of his constitutional rights.

243. Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 acting individually and in their official capacities as a public officials of defendant CITY under color of law, and having been fully advised that he was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further violate his civil rights, or knowing such violations was taking place, knowingly omitted to act to protect him from continuing deprivations of his rights.

244. Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of his rights.

245. Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

31

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 acted in an outrageous and systematic pattern of civil rights violations, oppression,

bad faith and cover-up, directed at him and continuing from in or around August 22, 2010, until

this day.

246.    Plaintiff alleges that as a result of the acts of defendants' JESUS TELLADO;

STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN;

PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN

KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO;

BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, he suffered emotional distress,

monetary damage, and incurred medical and legal expenses, and out of pocket expenses for

telephone, postage, and other costs of pursuing the claims herein.

## COUNT VIII
## VIOLATION OF THE FOURTH AMENDMENT
## UNLAWFUL DETENTION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

247.    Plaintiff re-alleges Paragraphs 1 through 246 and incorporates them by reference

as Paragraphs 1 through 246 of Count VIII of this Amended Complaint.

248.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 under color of law, personally interfered with and deprived him of his

constitutional rights.

249.   Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;
JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;
ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;
THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN
DOES 16-70 acting individually and in their official capacities as a public officials of defendant
CITY under color of law, and having been fully advised that he was being deprived of his
constitutional rights, either acted in a concerted, malicious intentional pattern to further violate
his civil rights, or knowing such violations was taking place, knowingly omitted to act to protect
him from continuing deprivations of his rights.

250.   Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;
JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;
ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;
THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN
DOES 16-70 in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and
with gross disregard of his rights.

251.   Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;
JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;
ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;
THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN
DOES 16-70 acted in an outrageous and systematic pattern of civil rights violations, oppression,
bad faith and cover-up, directed at him and continuing from in or around August 22, 2010, until
this day.

252.    Plaintiff alleges that as a result of the acts of defendants' JESUS TELLADO;

STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN;

PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN

KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO;

BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, he suffered emotional distress,

monetary damage, and incurred medical and legal expenses, and out of pocket expenses for

telephone, postage, and other costs of pursuing the claims herein.

## COUNT IX
## VIOLATION OF THE FOURTH AMENDMENT
## FALSE IMPRISONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

253.    Plaintiff re-alleges Paragraphs 1 through 252 and incorporates them by reference

as Paragraphs 1 through 252 of Count IX of this Amended Complaint.

254.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 under color of law, personally interfered with and deprived him of his

constitutional rights.

255.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 acting individually and in their official capacities as a public officials of defendant

34

CITY under color of law, and having been fully advised that he was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further violate his civil rights, or knowing such violations was taking place, knowingly omitted to act to protect him from continuing deprivations of his rights.

256.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of his rights.

257.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 acted in an outrageous and systematic pattern of violations of his civil rights, oppression, bad faith and cover-up, directed at him and continuing from in or around August 22, 2010, until this day.

258.    Plaintiff alleges that as a result of the acts of defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, he suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for

telephone, postage, and other costs of pursuing the claims herein.

## COUNT X
## VIOLATION OF THE FOURTH AMENDMENT
### EXCESSIVE FORCE
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

259.    Plaintiff re-alleges Paragraphs 1 through 258 and incorporates them by reference
as Paragraphs 1 through 258 of Count X of this Amended Complaint.

260.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;
JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;
ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;
THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN
DOES 16-70 under color of law, personally interfered with and deprived him of his
constitutional rights.

261.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;
JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;
ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;
THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN
DOES 16-70 acting individually and in their official capacities as a public officials of defendant
CITY under color of law, and having been fully advised that he was being deprived of his civil
rights, either acted in a concerted, malicious intentional pattern to further violate his civil rights,
or knowing such violations was taking place, knowingly omitted to act to protect him from
continuing deprivations of his rights.

262.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;
JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and

with gross disregard of his rights.

263.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 acted in an outrageous and systematic pattern of civil rights violations, oppression,

bad faith and cover-up, directed at him and continuing from in or around August 22, 2010, until

this day.

264.    Plaintiff alleges that as a result of the acts of defendants' JESUS TELLADO;

STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN;

PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN

KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO;

BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, he suffered emotional distress,

monetary damage, and incurred medical and legal expenses, and out of pocket expenses for

telephone, postage, and other costs of pursuing the claims herein.

## COUNT XI
## VIOLATION OF THE FOURTH AMENDMENT
## MALICIOUS PROSECUTION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

265.    Plaintiff re-alleges Paragraphs 1 through 264 and incorporates them by reference

as Paragraphs 1 through 264 of Count XI of this Amended Complaint.

266.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, personally interfered with and deprived him of his constitutional rights.

267.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 acting individually and in their official capacities as a public officials of defendant CITY under color of law, and having been fully advised that he was being deprived of his civil rights, either acted in a concerted, malicious intentional pattern to further violate his civil rights, or knowing such violations was taking place, knowingly omitted to act to protect him from continuing deprivations of his rights.

268.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of his rights.

269.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 acted in an outrageous and systematic pattern of civil rights violations, oppression,

bad faith and cover-up, directed at him and continuing from in or around August 22, 2010, until

this day.

270.    Plaintiff alleges that as a result of the acts of defendants' JESUS TELLADO;

STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN;

PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN

KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO;

BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, he suffered emotional distress,

monetary damage, and incurred medical and legal expenses, and out of pocket expenses for

telephone, postage, and other costs of pursuing the claims herein.

## COUNT XII
## IMPROPER TRAINING
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

271.    Plaintiff re-alleges Paragraphs 1 through 270 and incorporates them by reference

as Paragraphs 1 through 270 of Count XII of this Amended Complaint.

272.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 under color of law, personally interfered with and deprived him of his

constitutional rights.

273.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 acting individually and in their official capacities as a public officials of defendant CITY under color of law, and having been fully advised that he was being deprived of his civil rights, either acted in a concerted, malicious intentional pattern to further violate his civil rights, or knowing such violations was taking place, knowingly omitted to act to protect him from continuing deprivations of his rights.

274.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of his rights.

275.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 acted in an outrageous and systematic pattern of civil rights violations, oppression, bad faith and cover-up, directed at him and continuing from in or around August 22, 2010, until this day.

276.    Plaintiff alleges that as a result of the acts of defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN;

40

PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN

KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO;

BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, he suffered emotional distress,

monetary damage, and incurred medical and legal expenses, and out of pocket expenses for

telephone, postage, and other costs of pursuing the claims herein.

## COUNT XIII
## IMPROPER DISCIPLINE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

277.    Plaintiff re-alleges Paragraphs 1 through 276 and incorporates them by reference

as Paragraphs 1 through 2765 of Count XIII of this Amended Complaint.

278.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 under color of law, personally interfered with and deprived him of his

constitutional rights.

279.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 acting individually and in their official capacities as a public officials of defendant

CITY under color of law, and having been fully advised that he was being deprived of his civil

rights, either acted in a concerted, malicious intentional pattern to further violate his civil rights,

or knowing such violations was taking place, knowingly omitted to act to protect him from

41

continuing deprivations of his rights.

280.   Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;
JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;
ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;
THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN
DOES 16-70 in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and
with gross disregard of his rights.

281.   Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;
JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;
ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;
THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN
DOES 16-70 acted in an outrageous and systematic pattern of civil rights violations, oppression,
bad faith and cover-up, directed at him and continuing from in or around August 22, 2010, until
this day.

282.   Plaintiff alleges that as a result of the acts of defendants' JESUS TELLADO;
STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN;
PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN
KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO;
BRIAN E. HEEREY and JOHN DOES 16-70 under color of law, he suffered emotional distress,
monetary damage, and incurred medical and legal expenses, and out of pocket expenses for
telephone, postage, and other costs of pursuing the claims herein.

## COUNT XIV
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

42

283. Plaintiff re-alleges Paragraphs 1 through 282 and incorporates them by reference as Paragraphs 1 through 282 of Count XIV of this Amended Complaint.

284. Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

285. Plaintiff alleges that defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 discriminated against him because of his race.

286. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70, he suffered the indignity of race discrimination and great humiliation.

287. Plaintiff alleges that defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70'S violations caused him mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XV
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

288.    Plaintiff re-alleges Paragraphs 1 through 287 and incorporates them by reference as Paragraphs 1 through 287 of Count XV of this Amended Complaint.

289.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

290.    Plaintiff alleges that defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 discriminated against him because of his race.

291.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70, he suffered the indignity of race discrimination and great humiliation.

292.    Plaintiff alleges that defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70'S violations caused him mental anguish, emotional distress,

and loss of employment opportunities.

## COUNT XVI
## NEGLIGENT HIRING

293.    Plaintiff re-alleges Paragraphs 1 through 292 and incorporates them by reference as Paragraphs 1 through 292 of Count XVI of this Amended Complaint.

294.    Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 were incompetent, or vicious propensities, or of bad disposition.

295.    Plaintiff alleges that defendant CITY had knowledge of these facts which would have caused a reasonably prudent person to investigate defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70'S disposition.

296.    Plaintiff alleges that defendant CITY could reasonably have anticipated that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70'S disposition would likely result in injury to others.

297.    Plaintiff alleges that defendant CITY failed to use reasonable care to correct or remove defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES

T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI;

KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO;

MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70.

298.     As a result of defendant CITY'S negligent conduct, plaintiff suffered mental

anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XVII
## NEGLIGENT SUPERVISION

299.     Plaintiff re-alleges Paragraphs 1 through 297 and incorporates them by reference

as Paragraphs 1 through 297 of Count XVII of this Amended Complaint.

300.     Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 were incompetent, or vicious propensities, or of bad disposition.

301.     Plaintiff alleges that defendant CITY had knowledge of these facts which would

have caused a reasonably prudent person to closely supervise defendants' JESUS TELLADO;

STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN;

PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN

KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO;

BRIAN E. HEEREY and JOHN DOES 16-70.

302.     Plaintiff alleges that defendant CITY could reasonably have anticipated that

defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T.

GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI;

KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO;

46

MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70'S

disposition would likely result in injury to others.

303. Plaintiff alleges that defendant CITY failed to use reasonable care to correct or

remove defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES

T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI;

KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO;

MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70.

304. As a result of defendant CITY'S negligent conduct, plaintiff suffered mental

anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XVIII
## NEGLIGENT RETENTION

305. Plaintiff re-alleges Paragraphs 1 through 304 and incorporates them by reference

as Paragraphs 1 through 304 of Count XVIII of this Amended Complaint.

306. Plaintiff alleges that defendants' JESUS TELLADO; STANLEY MACNEAR;

JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO;

ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA;

THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN

DOES 16-70 were incompetent, or vicious propensities, or of bad disposition.

307. Plaintiff alleges that defendant CITY had knowledge of these facts which would

have caused a reasonably prudent person to terminate defendants' JESUS TELLADO; STANLEY

MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H.

D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN;

PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E.

HEEREY and JOHN DOES 16-70.

308.    Plaintiff alleges that defendant CITY could reasonably have anticipated that defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70'S disposition would likely result in injury to others.

309.    Plaintiff alleges that defendant CITY failed to use reasonable care to correct or remove defendants' JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70.

310.    As a result of defendant CITY'S negligent conduct, Plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XIX
## ASSAULT

311.    Plaintiff re-alleges Paragraphs 1 through 310 and incorporates them by reference as Paragraphs 1 through 310 of Count XIX of this Amended Complaint.

312.    Under the common law of Torts, makes it unlawful for a defendant to intend to place a plaintiff in imminent fear of a harmful and offensive touching.

313.    Plaintiff alleges that defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 by their extreme and outrageous conduct intended to place

48

plaintiff in imminent fear of a harmful and offensive touching.

314.    Based upon the foregoing, defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70'S extreme and outrageous conduct caused plaintiff to be placed in imminent fear of a harmful and offensive touching.

315.    As a direct and proximate result of the actions of defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 plaintiff has suffered the indignity of racial discrimination and great humiliation.

## COUNT XX
## BATTERY

316.    Plaintiff re-alleges Paragraphs 1 through 315 and incorporates them by reference as Paragraphs 1 through 315 of Count XX of this Amended Complaint.

317.    Under the common law of Torts, makes it unlawful for a defendant to intend to cause an offensive bodily contact with the plaintiff without his consent.

318.    Plaintiff alleges that defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 intended to cause an offensive bodily contact with the

plaintiff without his consent.

319. Based upon the foregoing, defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70'S extreme and outrageous conduct caused an offensive bodily contact with the plaintiff without his consent.

320. As a direct and proximate result of the actions of defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70, plaintiff has suffered the indignity of racial discrimination and great humiliation.

## COUNT XXI
## FALSE ARREST

321. Plaintiff re-alleges Paragraphs 1 through 320 and incorporates them by reference as Paragraphs 1 through 320 of Count XXI of this Amended Complaint.

322. Under the common law of Torts, makes it unlawful for a defendant to intend to confine the plaintiff, where plaintiff was conscious of the confinement, where plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

323. Plaintiff alleges that defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E.

HEEREY and JOHN DOES 16-70 by their extreme and outrageous conduct intended to confine
the plaintiff against his will inside of the 113th Precinct to cover up their misconduct.

324.    Based upon the foregoing, defendants' CITY; JESUS TELLADO; STANLEY
MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H.
D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN;
PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E.
HEEREY and JOHN DOES 16-70'S extreme and outrageous conduct caused plaintiff to be
confined against his will inside of the 113th Precinct to cover up their misconduct.

325.    As a direct and proximate result of the actions of defendants' CITY; JESUS
TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN
DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN;
BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E.
RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70, plaintiff has suffered the indignity of
racial discrimination and great humiliation.

## COUNT XXII
## FALSE IMPRISONMENT

326.    Plaintiff re-alleges Paragraphs 1 through 325 and incorporates them by reference
as Paragraphs 1 through 325 of Count XXII of this Amended Complaint.

327.    Under the common law of Torts, makes it unlawful for a defendant to intend to
confine the plaintiff, where plaintiff was conscious of the confinement, where plaintiff did not
consent to the confinement, and the confinement was not otherwise privileged.

328.    Plaintiff alleges that defendants' CITY; JESUS TELLADO; STANLEY
MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H.
D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN;

PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 by their extreme and outrageous conduct intended to confine the plaintiff against his will inside of the 113th Precinct to cover up their misconduct.

329.   Based upon the foregoing, defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70'S extreme and outrageous conduct caused plaintiff to be confined against his will inside of the 113th Precinct to cover up their misconduct.

330.   As a direct and proximate result of the actions of defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70, plaintiff has suffered the indignity of racial discrimination and great humiliation.

## COUNT XXIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

331.   Plaintiff re-alleges Paragraphs 1 through 330 and incorporates them by reference as Paragraphs 1 through 330 of Count XXIII of this Amended Complaint.

332.   Under the common law of Torts, makes it unlawful for a defendant to intend to cause or disregard of the substantial probability of causing severe emotional distress, as measured by the reasonable bounds of decency tolerated by a decent society, there is a causal connection between the conduct and plaintiff's injury and the plaintiff has suffered severe emotional distress.

52

333.    Plaintiff alleges that defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70 by their extreme and outrageous conduct intended to cause or disregarded the substantial probability of causing severe emotional distress, as measured by the reasonable bounds of decency tolerated by decency society, and their actions caused plaintiff to suffer severe emotional distress.

334.    Based upon the foregoing, defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70  by their extreme and outrageous conduct intended to cause or disregarded the substantial probability of causing severe emotional distress, as measured by the reasonable bounds of decency tolerated by decency society, and their actions caused plaintiff to suffer severe emotional distress.

335.    As a direct and proximate result of the actions of defendants' CITY; JESUS TELLADO; STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN; PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO; BRIAN E. HEEREY and JOHN DOES 16-70, plaintiff has suffered the indignity of racial discrimination and great humiliation.

## JURY TRIAL

336.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** plaintiff demands compensatory and punitive damages in the amount

of one hundred seventy-five million dollars from defendants' CITY; JESUS TELLADO;

STANLEY MACNEAR; JOHN D. CZULADA; JAMES T. GHERARDI; RYANN DUNN;

PATRICK H. D'ONOFRIO; ROBERT J. DEFERRARI; KENNETH J. BRAUMANN; BEN

KURIAN; PETER BONETA; THOMAS E. REO; MICHAEL FAILLA; ROBERT E. RUSSO;

BRIAN E. HEEREY and JOHN DOES 16-70 jointly and severally, plus any and all available

statutory remedies, both legal and equitable, interests and costs.

Dated: March 1, 2013
       New York, NY

Respectfully submitted,

By:    _____
       Eric Sanders (ES0224)

**The Sanders Firm, P.C.**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
(800) 371-4835 (Business Telephone)
(212) 537-9081 (Facsimile)

Website: http://www.thesandersfirmpc.com